RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/9/08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERNEST BLAND<br>LA. DOC #72384 | DOCKET NO. 08-CV-0669; SEC. P |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT & RECOMMENDATION

*Pro se* Plaintiff ERNEST BLAND is a prisoner in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC") confined at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 14, 2008, in the Middle District of Louisiana. [Doc. #1] The case was transferred to this district on May 16, 2008, and an order granting Plaintiff leave to proceed in forma pauperis was granted on July 3, 2008. [Doc. #7]

Plaintiff names as defendants James LeBlanc, who is the secretary of Corrections Services with the LDOC, and ACC Warden Lynn Cooper. He claims that he is being held in violation of Louisiana state law and the constitution of the United States. He seeks compensatory and punitive damages, as well as the appointment of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the court.

## Statement of the Case

According to documents filed in this case and another case from the Middle District of Louisiana, Plaintiff Earnest Bland was found guilty of one count of armed robbery in the Criminal District Court for the Parish of Orleans on June 11, 1970. Petitioner was sentenced to a forty year term of imprisonment at hard labor in the Louisiana State Penitentiary. Petitioner's conviction and sentence were affirmed on appeal. See State v. Bland, No. 51115 (La. 12/13/1971), 255 So.2d 723.

Petitioner has stated that, after his conviction, he "remained at liberty" for thirty-six years until he was re-arrested in 2002 because he "allegedly owed the State of Louisiana this time."[1] Plaintiff was returned to the physical custody of the LDOC on April 10, 2002, and transferred to the Louisiana State Penitentiary at Angola, Louisiana.

Plaintiff claims that he was transferred to Angola and ACC without the proper commitment papers that would legally authorize his custody. Plaintiff alleges that, since 2002, he has requested that he be provided with a copy of his commitment order, but his attempts have been unsuccessful. Plaintiff claims that without those papers, the State of Louisiana cannot justify or validate his

---

[1] See Document #2 in Bland v. Hubert, et al., Civil Action No. 07-CV-0427 (MDLA).

2

confinement. Plaintiff seeks compensation of ninety-nine dollars and ninety-nine cents ($99.99) per day of his confinement, as well as punitive damages in the amount of fifty thousand dollars ($50,000.00).

## Law and Analysis

Plaintiff claims that, because the LDOC has not produced certified commitment papers, his confinement is illegal. Plaintiff cites Louisiana Code of Criminal Procedure Article 892, which provides that the sheriff shall prepare a statement indicating the amount of time a defendant has spent in custody prior to the conviction. That document, along with a copy of the indictment, sentence, and the name and address of the judge and district attorney who participated in the trial, should be sent to the officer in charge of the penal institution to which the defendant has been sentenced. As Plaintiff correctly points out, Article 892 "explicitly states":

> "All statements and documents required by this Article shall physically accompany any defendant when said defendant is transferred to a penal institution...." La. C.Cr.P. art. 892(C).

Plaintiff claims that, because his documents have not accompanied him to various penal institutions, his incarceration is illegal, and he is entitled to monetary compensation.

While Plaintiff quotes paragraph "C" in his complaint, he fails to mention paragraph "D" of article 892, which states: **"Failure to comply with the provisions of this Article shall not**

3

affect the validity of a prosecution, conviction, or sentence." La. C.Cr.P. art. 892(D)(emphasis added). Clearly, Plaintiff's argument fails according to the statue he cites.

Moreover, alleging a violation of state law alone does not meet the requirement for stating a claim under 42 U.S.C. §1983. A §1983 plaintiff must show that he was deprived of a right secured by the Constitution. Plaintiff has not alleged a Constitutional violation in this complaint. He does not contest his conviction or sentence imposed by the criminal court, only the interpretation and application of Louisiana state law.

To the extent that Plaintiff claims that his imprisonment is somehow unconstitutional, Plaintiff's claim still fails. It is well-established that, in order to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. Plaintiff does not allege, nor does the published

jurisprudence of the State of Louisiana establish that this conviction or the sentence imposed have been set aside.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the Plaintiff's complaint be **DENIED and DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 9th day of September, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE